IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY J. TRZUPEK, AG-8890,  )
                               )
    Petitioner,              )  No. C 13-1139 CRB (PR)
                               )
vs.                            )  ORDER DENYING
                               )  PETITION FOR A WRIT OF
C. WOFFORD, Acting Warden,     )  HABEAS CORPUS AND
                               )  CERTIFICATE OF
    Respondent.              )  APPEALABILITY
                               )

    Petitioner, a state prisoner incarcerated at Avenal State Prison in Avenal, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a sentence from the Santa Clara County Superior Court.

I.

    Petitioner pleaded no contest to an information charging him with vehicular manslaughter with gross negligence (Cal. Penal Code § 191.5(b)), driving under the influence causing injury (Cal. Veh. Code § 23153(a)) and driving with a blood alcohol level over .08 causing injury (Cal. Veh. Code § 23153(b)), and he admitted allegations that he had personally inflicted great bodily injury in the commission of these offenses (Cal. Penal Code §§ 1203(e)(3) & 12022.7(a)).  Petitioner asked the court to sentence him under California Penal Code section 1170.9, which applies only when a defendant is granted probation. On March 18, 2011, the court denied petitioner probation and imposed a nine-year prison term.

Petitioner appealed claiming that the court had abused its discretion in failing to grant him probation. On March 13, 2012, the California Court of Appeal found no abuse of discretion and affirmed the judgment of the trial court. On May 16, 2012, the Supreme Court of California denied review.

On March 13, 2013, petitioner filed the instant federal petition claiming that the state trial court's failure to grant him probation amounted to a violation of due process.

## II.

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## III.

Petitioner claims that the trial court abused its discretion in failing to grant probation for a serviceman suffering from mental illness from military service under California Penal Code section 1170.9 and that this amounted to a violation of his due process rights.

The California Court of Appeal rejected petitioner's abuse of discretion/due process claim in a written opinion:

> Defendant acknowledges that it was a discretionary decision for the trial court whether to grant him probation. He also acknowledges that the trial court held the requisite hearing and considered whether his status as a military veteran with [posttraumatic stress disorder (PTSD)] merited a grant of probation. His appellate contention is that the trial court "abused its discretion by requiring appellant to prove driving a car while under the influence was a 'component' of PTSD and because its conclusion of appellant's likelihood to reoffend was not supported by the evidence."
>
> Defendant reads too much into the trial court's statement that "[n]owhere in the criteria for post traumatic stress disorder is there a component that calls for one to drive a car."  The trial court's statement was simply its observation that defendant's decision to consume the liquor he had purchased before driving home and then to drive under the influence was substantially independent of his PTSD and his related alcoholism.  As the court explained, "[t]he disorder may explain the basis of poor judgment but not the necessity to drive."  Since the evidence did not establish a link between defendant's PTSD and his decision to drink the alcohol before driving home, the trial court's observation was supported by

3

    the evidence. The court's observation also was an appropriate consideration because the lack of a link between defendant's PTSD and his crime weighed against a sentencing alternative that would rely on treatment of defendant's disorder to rehabilitate him.

    Defendant suggests that the dispositive issue before the trial court was whether defendant's "mental illness" mitigated his offense. The evidence before the court supported a finding that defendant's PTSD played no significant role in his decision to drink and then drive, rather than to take his alcohol home with him before drinking it. Since his offense was the result of this decision, the court could have properly concluded that defendant's "mental illness" did not mitigate his offense.FN

    FN. Even if the trial court had found that defendant's PTSD mitigated his offense, the existence of this mitigating circumstance would not have required the court to grant defendant probation. The trial court manifestly took into account the fact that defendant suffered from PTSD. It simply did not find that this circumstance tipped the balance in favor of a grant of probation.

    Defendant also claims that there was no evidence to support the trial court's fear "that if another psycho stressor occurs others will be in danger. . . ." No unusual incident led to defendant's decision to drink and then drive on the night of the accident. He simply became frustrated after failing to find the Target store and went to a liquor store instead. There was simply no explanation for his decision to drink before driving home rather than to take the liquor home before drinking. Although defendant stopped drinking after the accident, his history of relapsing combined with the lack of a rational explanation for the decision he made that led to the accident created a foundation for the trial court's fear that defendant's alcoholism and "another psycho stressor" would combine again in the future and create a danger to the public.

    Defendant has failed to establish that the trial court abused its discretion in denying him probation.

People v. Trzupek, No. H036763, 2012 WL 832251, at **3-4 (Cal. Ct. App. Mar. 13, 2012).

The court is satisfied that petitioner is not entitled to federal habeas relief on his due process claim. It is well-established that federal courts must defer to the state courts' interpretation of state sentencing laws. See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal

4

habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  There is no indication whatsoever of any fundamental unfairness in petitioner's case.

At minimum, petitioner is not entitled to federal habeas relief because it cannot be said that the California Court of Appeal's rejection of petitioner's claim was contrary to, or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   June 12, 2013

CHARLES R. BREYER
United States District Judge

N:\Trzupek, A.13-1139.denial.wpd

5